IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**QUINTON L. TABRON,**
        **Petitioner,**

v.                                                            **Civil Action No.: 3:18-CV-117**

**JOE COAKLEY, WARDEN,**
        **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On July 23, 2018, Petitioner, an inmate at FCI Hazelton, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1] On July 24, 2018, the Court issued a notice of deficient pleading which advised Petitioner that he had failed to complete the Court-approved petition form according to the instructions. ECF No. 4. On August 3, 2018, Petitioner refiled the Court-approved form[2] ("the amended petition"). ECF No. 8. Respondent filed a motion to dismiss or, in the alternative, for summary judgment on September 4, 2018. ECF No. 12. Following issuance of a Roseboro notice on November 1, 2018, Petitioner filed a response on November 19, 2018. ECF No. 14.

The matter is now before the undersigned United States Magistrate Judge for a

---

[1] ECF Numbers cited herein refer to case number 3:18-CV-117 unless otherwise noted.

[2] Although Petitioner refiled his Petition on August 3, 2018, he was still not fully in compliance with the instructions, writing "see attached to" in the space provided for grounds for relief and supporting facts for the relief sought. ECF No. 8 at 5. However, in the refiled petition he did state the relief sought, which information was missing from the original petition.

Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Petitioner's Convictions and Sentences from the District of Columbia[3]

On February 24, 1977, Petitioner and three of his friends were robbed at gunpoint. Two days later, on February 26, 1977, after repeatedly announcing his intention to "get" the three robbers, Petitioner shot and killed Robert Smith with a rifle in the District of Columbia. When Petitioner was arrested in his home, he attempted to reach under his bed for a sawed-off shotgun. After being advised of and waiving his Miranda rights, Petitioner admitted shooting Smith because Smith had robbed him.

Following a trial, Petitioner was convicted of first-degree murder while armed, possession of a prohibited weapon (a rifle) with intent to use it unlawfully against another and two counts of possession of a prohibited weapon (a sawed-off shotgun). Petitioner was sentenced to prison for 20 years to life for first degree murder while armed and for one year on each of the three weapons offenses. All of his sentences were to run concurrently with one another.

### B. Petitioner's Parole Hearings

Petitioner was first eligible for parole on September 26, 1996. ECF No. 11-2 at 3. Petitioner's first parole hearing was held by the District of Columbia Board of Parole on

---

[3] The facts of Petitioner's conviction and sentence are taken from Tabron v. U.S., 410 A.2d 209 (1979). In Tabron v. U.S., 444 A.2d 942 (1982), the District of Columbia Court of Appeals affirmed the trial court's denial of a new trial and affirmed Petitioner's convictions.

August 2, 1996.  Id. at 4.  The United States Parole Commission[4] most recently held a parole hearing for Petitioner on June 15, 2018.  ECF No. 14-1.  By a Notice of Action dated July 2, 2018, Petitioner was denied parole and recommended for a rehearing in June 2019.  Id.  The Notice of Action listed the reasons for Petitioner's parole denial:

> Your Grid Score at your last hearing was 4 point(s).  You continue to be scored under the 1987 guidelines[5] of the D.C. Board of Parole.
>
> With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 4.  You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.  The guidelines indicate that parole should not be granted at this time.  After review of all relevant factors and information presented, a departure from the guidelines at this consideration is not found warranted.
>
> Your rehearing date is set according to the time ranges established by the guidelines for the first time to rehearing.  The range in your case is 0-12 months.  A departure from these guidelines is not found warranted.
>
> THE ABOVE DECISION IS NOT APPEALABLE.

Id.

---

[4] Pursuant to D.C. Code Ann. § 24-131, "Not later than one year after August 5, 1997, the United States Parole Commission shall assume the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Code."

[5] In 1985, parole guidelines were promulgated for District of Columbia prisoners.  Pursuant to 28 C.F.R. § 2.80(a)(4), "[f]or a prisoner whose initial hearing was held before August 5, 1998, the Commission shall render its decision by reference to the guidelines of the former D.C. Board of Parole in effect on August 4, 1998."  Those guidelines are based on a point system, called the "Salient Factor Score" or "SFS".

"To calculate an inmate's SFS, the D.C. Board assigned 'a numerical value' to each of six factors: (1) '[p]rior convictions and adjudications,' [D.C. Mun. Regs. Tit. 28] § 204.4(a); (2) '[p]rior commitments of more than thirty (30) days,' id. § 204.4(b); (3) '[a]ge at commission of current offense,' id. § 204.4(c); (4) '[r]ecent commitment-free period,' i § 204.4(d); (5) '[s]tatus of prisoner at time [of the] current offense,' id. § 204.4(e); and (6) '[h]istory of heroin or opiate dependence.'  Moorer v. Fulwood, 679 F. App'x 688, 691–92 (10th Cir. 2017).

**C.     Instant Petition for Habeas Corpus Under § 2241**

Petitioner filed the instant amended petition for habeas corpus on August 3, 2018, along with two additional pages and various exhibits, challenging his parole determination.  ECF Nos. 8, 8-1 through 8-4.  Petitioner claims that the United States Parole Commission ("USPC") and the Parole Examiner unlawfully denied him parole at his June 15, 2018, parole hearing held at USP Hazelton.  ECF No. 8-1 at 1.  Petitioner requests the Court grant him parole immediately.  ECF Nos. 8 at 8, 8-1 at 2.

On September 4, 2018, Respondent filed a Motion to Dismiss, or, in the alternative, for Summary Judgment, a memorandum in support thereof, and various exhibits to the memorandum.  ECF Nos. 11, 11-1 through 11-3.  Respondent argues that Petitioner is not entitled to relief because there is no constitutionally protected liberty interest to support his release on parole.  ECF No. 11-1 at 6.

Respondent further argues that Petitioner is not entitled to relief because the USPC did not abuse its discretion when it denied him parole in 2018.  Respondent asserts that because the USPC had a rational basis to support its decision, that decision should not be disturbed.  Id. at 8.

Petitioner filed a response in opposition on November 19, 2018.  ECF No. 14.  Essentially, Petitioner argues that he was unable to complete additional educational programs because FCI Hazelton has been in lock-down status too often.  Id. at 3.  Attached to his response is a portion of the USPC denial of parole which states in part that:

> This examiner notes, the only program completed since the last hearing is a 10 hour Stop the Violence program that commenced on 1/12/2017 and was completed on 3/16/2017. The subject had his last hearing on 2/12/2017.  Thus, the

> subject was already participating in this program at the time of his last hearing and there is no evidence of any further program completion beyond that. This examiner does not find the completion of a few more hours of a program you had already commenced at the time of the last hearing [ ] sufficient evidence of sustained program achievement.

ECF No. 14-2.

### III. LEGAL STANDARD

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded

by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E. Motions for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587.

"Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV. ANALYSIS

Petitioner argues that the Commission abused its discretion in refusing to grant him parole. The Commission has authority to grant or deny release on parole pursuant to 18 U.S.C. § 4206(a) which provides that:

> If an eligible prisoner has substantially observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:
>
> (1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and
>
> (2) that release would not jeopardize the public welfare; subject to the provisions of subsections (b) and (c) of this section, and pursuant to guidelines promulgated by the Commission pursuant to section 4203(a)(1), such prisoner shall be released.

Moreover, the guidelines for D.C. Code offenders, codified at 28 C.F.R. § 2.80 provides, in part, that:

> (b) Guidelines. In determining whether an eligible prisoner should be paroled, the Commission shall apply

10

>the guidelines set forth in this section. The guidelines assign numerical values to pre- and post-incarceration factors. Decisions outside the guidelines may be made, where warranted, pursuant to paragraph (n) of this section.
>
>(c) Salient factor score and criminal record. The prisoner's Salient Factor Score shall be determined by reference to the Salient Factor Scoring Manual in § 2.20. The Salient Factor Score is used to assist the Commission in assessing the probability that an offender will live and remain at liberty without violating the law. The prisoner's record of criminal conduct (including the nature and circumstances of the current offense) shall be used to assist the Commission in determining the probable seriousness of the recidivism that is predicted by the Salient Factor Score.

The Parole Commission did not go outside the guidelines in its decision to deny parole to the Petitioner. The Notice of Action dated July 2, 2018, found that '[t]he guidelines indicate that parole should not be granted at this time." ECF No. 14-1. The reasoning of the Commission complies with the requirements of both 28 C.F.R. § 2.80 and 18 U.S.C. § 4206(a). When the Commission makes such a decision within its discretion which comports with the regulations, the decision is not reviewable by the courts.

"[T]he parole act specifically commits the decision to grant or deny parole to the unreviewable discretion of the Parole Commission." Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir. 1981); see also United States Bd. of Parole v. Merhige, 487 F.2d 25, 29 (4th Cir. 1973) ("[I]t is not the function of the courts to review the discretion of the Board in the denial of application for parole or to review the credibility of reports and information received by the Board in making its determination."); Page v. Pearson, 261 F. Supp.2d 528, 530 (E.D. Va. 2003) ("Parole decisions are [ ] not subject to arbitrary and capricious or abuse of discretion review under the provisions of the Administrative Procedure Act.")

Further, the Fourth Circuit has held that:

> Where the controlling statute indicates that particular agency action is committed to agency discretion, a court may review the action if there is a claim that the agency has violated constitutional, statutory, regulatory or other restrictions, but may not review agency action where the challenge is only to the decision itself.

Garcia, 660 F.2d at 988 (citing Ness Investment Corp. v. United States Department of Agriculture, 512 F.2d at 706, 715 (9th Cir. 1975). Following the holding of Garcia, the Commission's parole determination is only reviewable if the commission 'exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations' when reaching its determination."

In the instant case, Petitioner has argued that the Commission abused its authority by denying him parole on the basis that his program achievement was inadequate. ECF No. 14 at 1. Petitioner argues in his response filed November 1, 2018, that he was denied an opportunity to participate in programs because of the lockdown conditions at Hazelton. By contrast at the hearing, Petitioner claimed that there was no more programming available for him at Hazelton. ECF No. 11-2 at 32. The Commission considered Petitioner's explanation for not completing additional programs as part of its decision and ultimately decided that "the completion of a few more hours of a program [Petitioner] had already commenced at the time of the last hearing [was] not sufficient evidence of sustained program achievement." Id. at 33. Accordingly, the Commission denied Petitioner credit toward his Salient Factor Score.

The United States Parole Commission in using the appropriately calculated Salient Factor Score, permissibly denied Petitioner parole. Because the Commission followed the requirements of Garcia, by rendering a parole decision in compliance with the

governing statutes and regulations, acting within its legal authority, and its actions were constitutional, the Commission did not abuse its discretion in rendering that decision. Accordingly, this Court is without the authority to engage in judicial review of the Commission's substantive decision. Further, because there appears to be no genuine dispute as to any material fact presented, it appears that the Respondent is entitled to judgment as a matter of law.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**. I further **RECOMMEND** that Respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [ECF No. 11] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** May 17, 2019

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE